Ryan L. McBride, Esq. [SBN: 297557]
ryan@kazlg.com
Aryanna Young, Esq. [SBN 344361]
aryanna@kazlg.com
**KAZEROUNI LAW GROUP**
2221 Camino Del Rio S, #101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

William Rose, II [SBN 190428]
**WILLIAM ROSE LAW FIRM, P.C.**
100 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Telephone   (310) 870-7111
Facsimile    (310) 870-7112
Email: bill@roseconsumerlaw.com

*Attorney for Plaintiff*
JORGE A. COLLAZO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE A. COLLAZO,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>CAVALRY SPV I, LLC; THE MANDARICH LAW GROUP, LLP<br><br>　　　Defendants. | Case No:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) THE FAIR DEBT COLLECTION PRACTICES ACT; 15 U.S.C. § 1692 et seq.; and<br>(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; CA. CIV. CODE § 1788 et. seq.<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and it has determined that abusive debt collection practices contribute to a number personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act ("FDCPA") to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The California legislature has similarly determined that the banking and credit system and that the grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and to the sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.  Jorge A. Collazo ("Plaintiff"), through his attorneys, brings this Complaint against Cavalry SPV I, LLC ("Cavalry") and The Mandarich Law Group, LLP ("MLG") (collectively, "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civ. Code § 1788 et seq.

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges

1   violations of each statute cited in its entirety.

2      6.   Unless otherwise indicated, the use of Defendants' names in this Complaint

3   Includes all agents, employees, officers, members, directors, heirs, successors, assigns,

4   principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

5      7.   Unless otherwise stated, all conduct engaged in by Defendants took place in

6   California.

7      8.   All violations by Defendants were knowing, willful, and intentional, and

8   Defendants did not maintain procedures reasonably adapted to avoid these

9   violations.

10     9.     All violations alleged regarding the FDCPA are material violations of the

11  FDCPA as these violations would limit the ability of a hypothetical least sophisticated

12  debtor to make an intelligent choice as to the alleged debt and actions that should be taken

13  to resolve the alleged debt.

14

15                                **JURISDICTION**

16     10.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331,

17  because this case arises from a violation of federal law, the FDCPA.

18     11.    Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction to

19  adjudicate the alleged violations of the Rosenthal Act.

20     12.    This Court has personal jurisdiction over Defendants because Defendants

21  regularly collect debts in California on behalf of their creditor clients. Further, as illustrated

22  below, Defendants directed their unlawful collection practices at Plaintiff in Riverside,

23  California.

24     13.    Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i)

25  Plaintiff resides in the County of Riverside, State of California, which is within this judicial

26  district; (ii) the conduct complained of herein occurred within this judicial district; (iii)

27  Defendants conducted business within this judicial district at all times relevant; and, (iv)

28  MLG is located in Woodland Hills, CA.

**PARTIES & DEFINITIONS**

14.     Plaintiff is a "consumer" as that term is used in 15 U.S.C. § 1692(3) and a "debtor" California Civil Code § 1788.2(h). Plaintiff is also a resident of Riverside County in the State of California.

15.     Defendant CAVALRY is, and at all times mentioned herein, was a Limited Liability Company organized under the laws of Delaware.

16.     Upon information and belief, Defendant CAVALRY is headquartered in Greenwich, Connecticut and is authorized to and regularly does conduct business within the State of California.

17.     Defendant CAVALRY regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant CAVALRY uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant CAVALRY is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

18.     Defendant MLG is, and at all times mentioned herein, was licensed by the California Department of Financial Protection & Innovation as a Debt Collector, license ID # 1156765.

19.     Upon information and belief, Defendant MLG maintains an office at 6300 Canoga Avenue, Suite 1700, Woodland Hills, CA 91367 and is authorized to and regularly does conduct business within the State of California.

20.     Defendant MLG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant MLG uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant MLG is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

21.    Upon information and belief, Cavalry and MLG SPV I, LLC are related in some way, and work in a principal/agent relationship in the furtherance of debt collection efforts.

22.    This matter involves a "consumer credit transaction" i.e., a transaction between Plaintiff and Defendants (or Defendants' predecessor(s)), in which property or money was acquired on credit primarily for personal, family, or household purposes. See Cal. Civ. Code §§ 1788.2(e), 1788.2(f), 15 U.S.C. § 1692a(5), and 15 U.S.C § 1679a(2).

23.    This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code § 1788.2(f) and 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

24.    On or about September 24, 2024, Defendant MLG as counsel of record for Defendant Cavalry caused Plaintiff to be served with a summons and complaint in the debt collection lawsuit entitled Cavalry SPV I, LLC v. Jorge A Collazo, filed on September 17, 2024 in Riverside County, Case # CVCO 2406173, seeking to collect a principal amount of $ 8, 416.71 (the "Collection Lawsuit"). A true and correct copy of the complaint served upon Plaintiff Collazo is attached as Exhibit "A" and incorporated by reference.

25.    The Debt which the Collection Lawsuit sought to collect was not a debt owed by Plaintiff Collazo.

26.    In fact, according to the Complaint's Exhibits "A" and "B", the debt was not owed by Plaintiff Collazo but was owed by Jose G. Torrez and was in the amount of $1,090.51

27.    Both Defendant MLG and Defendant Cavalry knew that Plaintiff Collazo did

1    not owe the debt they sought to collect with the Collection Lawsuit against Plaintiff.

2       28.    Despite knowing that the debt was in the amount of $ 1, 090.51 and was

3    owed by Jose G. Torrez, Defendants Cavalry and MLG wrongfully used the judicial

4    process to induce Plaintiff into paying the larger amount of $ 8, 416.71 which both

5    Defendants Cavalry and MLG knew Plaintiff did not owe. At the very least, Defendants

6    misled Plaintiff by serving Plaintiff with two very different amounts owed.

7       29.    The Rosenthal Act incorporates its federal counterpart, the FDCPA, through

8    Cal. Civ. Code § 1788.17. This incorporation includes 15 USC § 1692e which provides:

9

10       "A Debt collector may not use any false, deceptive or misleading
        representation or means in connection with the collection of any debt.
11       ….the following conduct is a violation of the section:
        (2)the false representation of (A) the character amount or legal status
12        of any debt.

13

14

15       30.    By filing the Collection Lawsuit, Defendants Cavalry and MLG made a false

16    representation of the character, amount or legal status of the debt in violation of 15 USC §

17    1692e and Cal Civ. Code § 1788.17.

       31.    The Rosenthal Act through Cal. Civ. Code § 1788.17 also incorporates 15
18
    USC § 1692f which provides:
19

20
        A debt collector may not use unfair or unconscionable means to
21        collect or attempt to collect any debt.

22

23       32.    By filing the Collection Lawsuit, Defendants Cavalry and MLG used an

24    unfair and unconscionable means to collect an alleged debt from Plaintiff in violation of

25    15 USC § 1692f and Cal. Civ. Code § 1788.17. Defendants also violated 15 USC § 1692f

26    by attempting to collect an amount not authorized by law or agreement.

27       33.    The Collection Lawsuit filed by Defendants Cavalry and MLG

28    contained false and misleading representations which confused Plaintiff and caused him to

suffer fear, anxiety, emotional distress, stress, and sleeplessness. Despite Plaintiff notifying Defendants of the issue, Defendants failed to correct it.

34.    Defendant Cavalry is vicariously liable for the actions taken by Defendant MLG as its agent, because Cavalry is itself a debt collector. See Muhammad v. Reese Law Grp., APC, No. 16cv2513-MMA (BGS), 2017 U.S. Dist. LEXIS 64274, at *11 (S.D. Cal. Apr. 27, 2017) ("The Ninth Circuit has held that debt collectors can be vicariously liable under the FDCPA for the conduct of their attorneys in collecting debts on their behalf.") (citing Fox v. Citicorp, 15 F.3d 1507, 1516 (9th Cir. 1994)).

## CAUSES OF ACTION
### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 USC §§1692 et seq.

35.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

36.    The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37.    As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32

38.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs

above.

39.    The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

40.    As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and that Plaintiff be awarded damages from Defendants, as follows:

## COUNT I

FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court deems just and proper.

## COUNT II

ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

Cal. Civ. Code §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);

- An award of statutory damages of $1,000, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to Cal. Civ. Code § 1788.30(c); and
  - Any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: December 4, 2024                    **KAZEROUNI LAW GROUP, APC**


By: */s/ Ryan L. McBride, Esq.*
     Ryan McBride, Esq.
     *Attorney for Plaintiff*

COMPLAINT